[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-15428
Non-Argument Calendar

_____

Agency No. A208-603-526

GANESH ACHARYA,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(December 18, 2018)

Before MARCUS, BRANCH, and EDMONDSON, Circuit Judges.


PER CURIAM:


Ganesh Acharya ("Petitioner"), a native and citizen of Nepal, petitions for review of the order of the Board of Immigration Appeals ("BIA") affirming the decision of the Immigration Judge ("IJ").  The IJ's decision denied asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). No reversible error has been shown; we deny the petition.

Because the BIA agreed with the IJ's findings and reasoning in this case, we review both the BIA and the IJ's decisions.  See Wu v. U.S. Att'y Gen., 745 F.3d 1140, 1153 (11th Cir. 2014).

We review de novo legal determinations of the BIA.  Gonzalez v. U.S. Att'y Gen., 820 F.3d 399, 403 (11th Cir. 2016).  Factual determinations are reviewed under the "highly deferential" substantial evidence test; and we must "affirm the . . . decision if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole."  Forgue v. U.S. Att'y Gen., 401 F.3d 1282, 1286 (11th Cir. 2005).  "Under the substantial evidence test, we view the record evidence in the light most favorable to the agency's decision and draw all

2

reasonable inferences in favor of that decision." Adefemi v. Ashcroft, 386 F.3d 1022, 1026-27 (11th Cir. 2004) (en banc). To reverse a fact determination, we must conclude "that the record not only supports reversal, but compels it." Mendoza v. U.S. Att'y Gen., 327 F.3d 1283, 1287 (11th Cir. 2003).

An alien may obtain asylum if he is a "refugee," that is, a person unable or unwilling to return to his country of nationality "because of persecution or a well-founded fear of persecution on account of" a protected ground, including political opinion. 8 U.S.C. §§ 1101(a)(42)(A); 1158(a)(1), (b)(1). The asylum applicant bears the burden of proving statutory "refugee" status with specific and credible evidence. Forgue, 401 F.3d at 1287.

An asylum applicant who has established past persecution on account of a protected ground is presumed to have a well-founded fear of future persecution on the basis of the original claim. 8 C.F.R. § 208.13(b)(1); Tan v. U.S. Att'y Gen., 446 F.3d 1369, 1375 (11th Cir. 2016). The government may rebut this presumption by showing, by a preponderance of the evidence, either (1) a fundamental change in the country's conditions such that the applicant no longer has a well-founded fear of persecution, or (2) that relocation within the country would avoid future persecution. 8 C.F.R. § 208.13(b)(1)(i)(A), (B); Tan, 446 F.3d at 1375. In determining whether changed country conditions exist, the BIA must

3

undertake "an individualized analysis that focuses on the specific harm suffered and the relationship to it of the particular information contained in the relevant country reports." Imelda v. U.S. Att'y Gen., 611 F.3d 724, 729 (11th Cir. 2010).

Petitioner sought relief based on his political opinion. Petitioner began supporting the Nepali Congress Party ("NCP") in 2013. Because of his involvement with the NCP -- and his opposition to the Nepal Communist Party Maoists -- Petitioner was threatened and attacked physically by Maoists on three separate occasions.

The IJ concluded that Petitioner had suffered past persecution on account of his political opinion. The IJ denied Petitioner relief, however, because Petitioner had failed to show persecution by the Nepalese government. On appeal, the BIA remanded the case to the IJ, explaining that -- because Petitioner had satisfied his burden of demonstrating past persecution -- the burden shifted to the Department of Homeland Security ("DHS") to rebut the presumption of a well-founded fear of future persecution.

On remand, the IJ again denied Petitioner relief. The IJ concluded that DHS had demonstrated a fundamental change in circumstances in Nepal so that Petitioner no longer had a well-founded fear of persecution. The BIA affirmed the IJ's decision.

Substantial evidence supports the agency's determination that there was a "fundamental change" in the country conditions that rebutted Petitioner's well-founded fear of persecution.  Petitioner demonstrated that he was persecuted by the Maoists between March and May 2015.  In June 2015 (one month after Petitioner left Nepal) the Maoists allied with the NCP.  The two political groups then drafted a new constitution and entered into a power-sharing agreement.  The Maoist prime minister also supported prosecution of perpetrators of violence during the country's ten-year civil war -- including Maoists -- and supported a newly-established Truth and Reconciliation Commission.  Evidence also showed that the Maoists had abandoned their militant past and were no longer persecuting people on the basis of political opinion.

No bright line rule dictates what constitutes a "fundamental change" for purposes of rebutting an alien's presumption of well-founded fear.  Imelda, 611 F.3d at 729.  But we have said that a change in governmental regime, the institution of governmental reforms to redress past problems, and a substantial decline in violence against a persecuted group -- as evidenced here -- may signify that a country has undergone such a "fundamental change."  Id. at 729-30.

On appeal, Petitioner challenges the BIA's overreliance on information in the Country Reports.  We have said, however, that "the BIA may rely heavily on

5

State Department reports about a country." <u>Id</u>. at 729.  Moreover -- although the Country Reports also contained some negative information about the conditions in Nepal -- we may not reweigh the importance attributed to evidence in the record. <u>See Djonda v. U.S. Att'y Gen</u>., 514 F.3d 1168, 1175 (11th Cir. 2008).  "[T]he mere fact that the record may support a contrary conclusion is not enough to justify a reversal of administrative findings." <u>Adefemi</u>, 386 F.3d at 1029.[*]

Substantial evidence supports the BIA's and the IJ's decision that Petitioner was unentitled to asylum; and we are not compelled to reverse that decision. Petitioner's failure to establish eligibility for asylum forecloses his eligibility for withholding of removal or for CAT relief.  <u>See Forgue</u>, 401 F.3d at 1288 n.4.

PETITION DENIED.

---

[*] Petitioner also asks this Court to take judicial notice of the fact that, following the January 2018 elections, the NCP lost its parliamentary seats to an alliance between the Maoists and the United Marxist Leninist Party.  We deny this request; we "shall decide the petition only on the administrative record on which the order of removal is based." <u>See</u> 8 U.S.C. § 1252(b)(4)(A).